UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  5:21-cv-00276-MAA                                               Date:  August 2, 2022

Title:   Raul Uriarte-Limon v. United Capital Investments, LLC et al.

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Action Should Not Be Dismissed as Moot

### Background

On July 29, 2022, Plaintiff Raul Uriarte-Limon ("Plaintiff") filed a document entitled Notice of Indication of Mootness ("Notice"). (Notice, ECF No. 54.)  In his Notice, Plaintiff states as follows:

> On November 21, 2021, the court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.  (Dkt. 45.)  This limited Plaintiff's remedies to solely injunctive relief.  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188(a)(1).  However, on July 19, 2022, Defendants have presented evidence that the Pro Star Safety, Inc. has gone out of business, and a new business occupies the premises visited by Plaintiff.  Therefore, the barriers complained of no longer exist.  Plaintiff must face a "real and immediate threat of repeated injury" to establish standing for injunctive relief.  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Thus, the removal of the alleged barriers renders Plaintiff's claim for injunctive relief moot.

(*Id.* at 1.[1])

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:21-cv-00276-MAA                                                                  Date:  August 2, 2022

Title:       Raul Uriarte-Limon v. United Capital Investments, LLC et al.

**Discussion**

The Court has an independent obligation to consider its own subject-matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

In this case, Plaintiff states that his sole remaining claim for injunctive relief is moot because Defendant Pro Star Safety, Inc. has gone out of business and the barriers alleged in Plaintiff's Complaint no longer exist. (Notice 1.) Accordingly, Plaintiff hereby is **ORDERED** to show cause, in writing, **by no later than September 1, 2022**, why this action should not be dismissed as moot. Alternatively, Plaintiff may file a notice of dismissal in this action. The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order.

**Plaintiff is cautioned that failure to respond to this Order by September 1, 2022 may result in a recommendation that the Complaint be dismissed without prejudice as moot, and/or for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

Attachments:
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))